**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Case No. 1:15-CV-02258-REB-NYW**

**WAYNE DOUGLAS PIETKIEWICZ,**

**Plaintiff,**

**vs.**

**BLACK & VEATCH CORPORATION,**

**Defendant.**

---

**STIPULATED PROTECTIVE ORDER**

---

The parties, having stipulated to the entry of a Protective Order for certain documents, and the Court, having made an independent determination that good cause exists for a protective order for certain documents, HEREBY GRANTS THE PARTIES' JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER and ENTERS ITS ORDER:

1. *Facts Establishing Good Cause*. Plaintiff Wayne Douglas Pietkiewicz ("Pietkiewicz" or "Plaintiff") is a former employee of Defendant Black & Veatch Corporation ("B&V" or "Defendant"). Plaintiff's lawsuit against Defendant alleges disability and age discrimination. Defendant denies any allegation of wrongdoing and argues that it acted in compliance with all applicable laws. The purpose of this Stipulated Protective Order is to prevent the disclosure of matters deemed confidential or otherwise protected under the terms of this Order to persons or entities other than those involved in the prosecution or

defense of this litigation and to facilitate the exchange of information between the parties. This Stipulated Protective Order is necessary to protect both the parties and other persons from potential annoyance and embarrassment, as well as to safeguard confidential business and proprietary information. Due to the nature of Plaintiff's allegations, it is anticipated that discovery in this case may seek the following information from parties and non-parties: tax, financial, medical and personnel information; other private or confidential documents regarding the parties and non-parties and Defendant's employees; and confidential business information concerning the business of Defendant. The parties recognize that the public disclosure of such confidential information may cause injury to Plaintiff, Defendant and/or current or former employees of Defendant not parties to this litigation. This Stipulated Protective Order protects both Plaintiff and Defendant and prohibits ~~the public release of~~ use of information deemed confidential ~~under~~ outside the terms of this Order, while allowing the parties access to information each seeks to discover and minimizing any potential harmful effects on either the parties or non-parties. The Court finds that the parties properly seek to protect such private, confidential, proprietary and/or protected information, as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

2. *Document Defined*. When used in this Stipulated Protective Order, "Document" means those documents related to personnel, tax, financial and medical records, and other private or confidential documents that either party or a third party identifies, locates, produces or otherwise makes available voluntarily or in response to

Requests for Production or Interrogatories, any other written discovery, subpoena or written authorization.

3. *Designation of Documents*. Any party to this Stipulated Protective Order may designate as "Confidential" any Document which it produces and which that party's counsel has reviewed and believes in good faith that the information in the Document is entitled to protection based upon some form of privacy interest, confidentiality interest, proprietary business or trade secret interest, personnel interest or because the document contains medical information. The signature of a party's attorney on a disclosure or on responses to written discovery requests shall constitute the attorney's certification that the attorney has complied with the above requirements with respect to any documents disclosed or produced with that disclosure or discovery response that are marked confidential. If any document is designated as confidential, then each page of such document shall be plainly and clearly marked "Confidential" by the party designating it as such. Deposition transcripts or portions thereof may also be designated confidential. Such designation shall be made on the record during the deposition whenever possible, but a party may designate a deposition transcript or portions thereof as confidential by providing written notice of the designation to all counsel of record within thirty days after notice by the court reporter of the completion of the transcript.

4. *Objections to Designation*. A party may object to a designation of a Document as confidential by giving written notice to the party designating the disputed document. The written objection shall identify the disputed Documents and the basis for the dispute. If the parties cannot resolve the written objection it shall be the obligation of the

designating party to file an appropriate motion requesting that the Court determine whether the disputed Document should be subject to the terms of this Protective Order. Such motion must be filed within fifteen business days after the designating party's receipt of the written objection. If such a motion is timely filed, the disputed Document shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the party designating the Document as confidential shall bear the burden of establishing the basis for that designation.

5. *Confidential Documents*. Except with the prior written consent of the designating party or the prior order of this Court, Documents designated as "Confidential" and the information contained therein shall be used in connection with this litigation only and shall not be disclosed to any person other than:

a. The parties to this litigation, including their agents, employees, and representatives, and their counsel of record;

b. Employees of the counsel of record who are assigned to assist such counsel in connection with this litigation;

c. Third-party experts, consultants, or counsel retained specifically in connection with this litigation, provided that any such person is given a copy of this Stipulated Protective Order and agrees to be bound by its provisions;

d. Any person who may testify at deposition or at trial in this proceeding, provided that such person is given notice of the terms of this Stipulated Protective Order and that all testimony taken concerning Designated Documents or information contained therein be marked "Confidential";

e. Potential witnesses in the litigation;

f. The Court and any Court personnel, including court reporters and persons operating video recording equipment at depositions;

g. Any mediator in this case; and

h. Any other person to whom the parties agree in writing.

6. *Use of Designated Documents for Motions*. In the event a party wishes to submit any Document designated as "Confidential" with the Clerk of this Court, it shall first file a motion with the court seeking leave to file the particular Document under seal pursuant to D.C.COLO.LCivR 7.2. Nothing in this Order will be construed as an Order by the Court to restrict any document.

7. *Disclosure of Designated Documents*. No party receiving a Designated Document shall disclose it or its contents to any person other than those described in paragraph 5, and in no event shall such party make any use of such Document other than for the purpose of this litigation.

8. *Acknowledgment*. A person given access to Confidential material under the terms of Paragraphs 6(c) or (d) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Stipulated Protective Order and has signed an acknowledgment in the form attached hereto as "Exhibit A." Executed copies of "Exhibit A" shall be maintained by counsel for the party disclosing the Confidential material to the persons permitted in Paragraphs 6(c)-(d) of this Order. At any reasonable time, any party may request in writing that all copies of Exhibit A which have been signed by persons pursuant to this paragraph be provided to that party. Such copies shall be provided within ten (10) calendar days after receipt of the written request.

9. *Inadvertent Disclosure*. In the event of an inadvertent disclosure of a party's Confidential information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it

contains Confidential information subject to this Stipulated Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

10. *Objections and Rights Reserved*. This Stipulated Protective Order shall not prejudice the rights of, or prevent, any party from:

a. Objecting on any valid ground to the production of any Document;

b. Objecting to the offer or introduction of any Document into evidence on any valid ground at the time such Document is offered;

c. Redacting confidential information from any Document; or

d. Seeking other protection from the Court concerning any Document.

11. *Use at Hearing or Trial*. The use at any hearing or at trial of any Document or information designated as "Confidential" as evidence shall be governed by the Federal Rules of Evidence and any order by the presiding Judge.

12. *Modification*. Any party to this Stipulated Protective Order may apply to the Court, on reasonable notice to all parties, for relief or modification of any provision of this Order.

13. *Return of Documents*. Within thirty (30) days of the conclusion of this litigation by settlement, final judgment, or final order, including all appeals, all Designated Documents, and all copies (except exhibits filed of record) shall be returned by counsel to the party who had previously produced the Designated Documents, unless the parties agree otherwise.

~~**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Entry of Protective Order is granted.~~

**IT IS SO ORDERED**.

Dated this 31st day of December, 2015.

s/ Nina Y. Wang

United States Magistrate Judge

Approved and submitted by:

*S/ J. Mark Baird*
J. Mark Baird
Beth Doherty Quinn
Baird Quinn LLC
2036 E. 17th Avenue
Denver, Colorado 80206
Telephone: (303) 813-4500
Facsimile: (303) 813-4501
E-mail: jmb@bairdquinn.com
bdq@bairdquinn.com

*S/ Brian J. Zickefoose*
Gillian McKean Bidgood
1515 Wynkoop Street, Suite 600
Denver, CO 80202
Telephone: (303) 572-9300
Facsimile: (303) 572-7883
E-mail: gbidgood@polsinelli.com

Brian J. Zickefoose
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
E-mail: bzickefoose@polsinelli.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Case No. 1:15-CV-02258-REB-NYW**

**WAYNE DOUGLAS PIETKIEWICZ,**

**Plaintiff,**

**vs.**

**BLACK & VEATCH CORPORATION,**

**Defendant.**

The undersigned acknowledges that (s)he has read the Stipulated Protective Order entered in this action by the U.S. District Court for the District of Colorado, on _______________,_____, that (s)he understands its terms, and that (s)he agrees to be bound by that Order.

Dated: ________________________

___________________________________
Signature

___________________________________
Printed Name