**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:15-CV-02258-REB-NYW

**WAYNE DOUGLAS PIETKIEWICZ,**

        Plaintiff,

  vs.

**BLACK & VEATCH CORPORATION,**

        Defendant.

---

**STIPULATED ORDER ESTABLISHING PROTOCOL
FOR ELECTRONIC DISCOVERY**

---

Pursuant to the Court's Order, and this District's Guidelines for Discovery of Electronically Stored Information (ESI), Plaintiff Wayne Douglas Pietkiewicz and Defendant Black & Veatch Corporation, by and through counsel, have met and conferred regarding ESI production and have agreed to the following protocols. The protocols are before the Court in the form of a proposed Order. The Court has reviewed the proposed Order and finds that the protocol set forth in the proposed Order is an effective and efficient method for discovery of ESI, including paper documents which will be electronically scanned. Accordingly, for good cause shown, IT IS HEREBY ORDERED as follows:

**I.    DEFINITIONS**

    **a.**    **ESI:** Electronically stored information, regardless of the media, including scans of hard copy (*i.e.*, paper documents).

**b.     Potentially Discoverable ESI:** Plaintiffs' and Defendant's electronic "documents" containing or potentially containing information relating to facts at issue in the pleadings, where the term "documents" is used as it is defined in Fed. R. Civ. P. 34(a).

**c.     Reasonably Accessible ESI:** ESI available without undue burden or cost, including active or dynamic media such as information stored on drives and servers accessible by desktops, laptops, tablets, and other computer interfaces, except as provided below.

**d.     Search Terms:** Search Terms are words or phrases that can be used to identify potentially relevant documents.

**e.     Searching Syntax:** Searching Syntax refers to logical combinations of Search Terms that can be used to narrow the search for potentially relevant documents.

## II.     GENERAL SCOPE

   a.     **Potentially Discoverable ESI.**

      i.     Unless otherwise specifically stated and agreed to the contrary, the parties agree that, pursuant to the Federal Rules of Civil Procedure, District's Guidelines for Discovery of Electronically Stored Information (ESI), and the Court's Scheduling Order, only Reasonably Accessible ESI will be reviewed and produced unless a party makes a specific request for other ESI.

      ii.    Should a dispute arise among the parties in determining and agreeing upon whether a particular population of ESI or entire ESI data source is inaccessible or needs to be produced aside from what is agreed to in this Stipulated

Order, the parties will make a good faith effort to resolve such a dispute before any motion is filed with the Court.

      b.    **<u>Preservation of Discoverable Information.</u>** A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

      i.    Deleted, slack, fragmented, or other data only accessible by forensics.

      ii.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

      iii.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

      iv.    Data in metadata fields that are frequently updated automatically, such as last-opened dates.

      v.    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

      vi.    Server, system or network logs.

      vii.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

      viii.    Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), *provided* that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

    **c.**    **<u>Guidelines.</u>**

        i.    The parties have jointly agreed to collect, process and review Potentially Discoverable ESI and produce responsive ESI in accordance with the principles set forth in the Sedona Conference's 2008 Cooperation Proclamation, founded on principles of reasonableness and proportionality aimed at exhaustively but succinctly producing all responsive ESI to both parties. As part of the parties' agreement, the parties have engaged in a collaborative effort to identify appropriate Search Terms and Searching Syntax, scoped to key player custodians and date range filtering corresponding to the subject matter of this lawsuit. Such list is attached as **Exhibit A**.

        ii.    To the extent any party identifies for its own production ESI documents that it believes renders use of Search Terms and Searching Syntax appropriate, the parties agree to begin discussing and crafting potential additional Search Terms and Searching Syntax. The parties agree to identify such additional Search Terms and Searching Syntax to be used by both parties as part of their collection and processing of ESI, including paper that will be scanned, as set forth in these protocols.

        iii.    After reaching such agreement, if a party later decides other Search Terms and Searching Syntax should be crafted in order to identify additional Potentially Discoverable ESI and responsive ESI, the parties agree to a further series of meet and confer concerning that request before filing a motion with the Court.

        iv.    Nothing in this agreement, including any provisions related to the use or non-use of Search Terms or Search Syntax, shall excuse a party from searching for and producing documents from locations (including electronic files) it knows or reasonably believes to have responsive information.

        v.    This Agreement does not govern any production of back-up media. For purposes of this Agreement, "back-up media" shall be defined as tape-based back-up systems or disaster recovery back-up systems. However, the Parties agree to preserve all back-up media during the term of this litigation, pursuant to applicable case law. If either Party later determines that the production of back-up media is relevant, the Requesting Party shall notify the Responding Party immediately and the parties will agree to confer at that time to develop a reasonable approach to handle such requests. In addition, in the event that any Party identifies a particular source of responsive documents or electronically stored information for which application of this Protocol would be unduly burdensome or impractical (e.g., Data for which word searches would be impossible or otherwise impractical), the Party identifying the source will promptly notify the other Parties and the Parties will confer concerning appropriate modifications of this Protocol with respect to that source.

**III.**    **IDENTIFICATION OF RESPONSIVE ESI**

    **a.**    **Search Terms and Syntax.** The use of Search Terms and Searching Syntax does not excuse a party from its normal obligations under the Federal Rules of Civil Procedure to conduct its own diligent search for responsive documents and produce them.

  **b. Custodians of ESI or Paper Documents.** The parties agree to identify the individuals who have or previously had control of a network, computer or other specific electronic files within or upon which Potentially Discoverable ESI may be or may have been maintained. To the extent a party is unable to identify a certain population of custodians until provided adequate contentions or other notice by the opposing party, the parties agree to supplement such list of custodians within a reasonable period of time.

  **c. Locations to be Searched.** The parties agree to identify the locations where Potentially Discoverable ESI is stored, such as centralized repositories and custodial files (*i.e.*, files stored on the custodian's laptop, desktop, tablet or other individually controlled computer other than PDAs, smartphones, or cells phones) and email for the custodians identified in **Exhibit A**.

  **d. Search Methodology.** To the extent additional Search Terms and Searching Syntax will be used to identify Potentially Discoverable ESI and responsive ESI for any location identified in **Exhibit A**, the parties agree to specify the Search Terms and Searching Syntax to be used for each such location.

  **e. Deduplication**. A party is only required to produce a single copy of a responsive document and a party may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians.

  **f. Forensic Images of Hard Drives.** The parties agree that it is not necessary to create forensic snapshot images of the custodians' laptop or desktop hard drives at this time. If a party later requests that a forensic image be created and searched in order to identify additional responsive ESI, the parties agree to meet and confer concerning

6

that request before filing a motion with the Court. The parties also recognize, however, that there may be inadvertent changes to the computer hardware whereby forensic information is inadvertently not preserved.

   **g.**  **Duty of Producing Party.** If a producing party becomes aware of Potentially Discoverable ESI or responsive ESI that was not extracted using the Search Terms and Searching Syntax provided for in this Protocol, the party will produce the ESI.

   **h.**  **Additional Discovery Permitted.** The above statements are those of the respective parties regarding their own ESI, and nothing herein shall be deemed to estop or bar the non-producing party from engaging in discovery (*e.g.,* interrogatories, depositions) to determine the types of ESI and paper documents maintained by the producing party and the investigations which have been performed to identify or produce responsive ESI. Likewise, the parties do not waive any rights to assert any applicable objections to such discovery, including but not limited to objections based on the scope of such discovery, the burden (of such discovery, the attorney-client privilege or the work-product protection, nor does any party waive the right to subsequently argue that the scope or process should be revised.

   **i.**  **Reasonable Diligence.** The parties will use reasonable diligence to search for and retrieve Potentially Discoverable ESI, but the parties recognize that the processes and software to be utilized for compliance with this protocol are not perfect. If any issues arise regarding the methods used by either party, the parties will confer to resolve those issues that may arise relating to the manner in which the retrieval and searches are completed.

      **j.** **Information Not Searchable.** The parties recognize that there may be some ESI that are not recoverable due to technical reasons. For example, ESI that is corrupt will not be searched. Additionally, there may be email attachments that are not searchable due to technical reasons or the format in which they were created. If, however, an email is produced or logged, all attachments thereto must also be produced or logged regardless of whether one or more of such attachments are unsearchable.

### IV. FORM OF DOCUMENTS: GENERAL PRINCIPLES

    **a.** **ESI Document Production Format.**

        i.    The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

    **b.** **Requests for Additional Information.** The Parties agree that they will only seek native files and metadata in situations where it makes it easier for a party to search through a certain document. In the event a producing party believes the scope or number of such requests is unduly burdensome, and the parties cannot agree on an appropriate method to resolve such disputes, the Court shall resolve such disputes.

    **c.** **Redaction of Information.** If documents are produced containing redacted information, the producing party shall supply a list of the documents for any such

claim(s) of privilege, indicating the grounds for the redaction and the nature of the redacted material (*e.g.*, privilege, trade secret, privacy). Any redacted information should be identified as "Redacted" on the document. During the course of the litigation, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data.

## V.   INADVERTANT PRODUCTION OF PRIVILEGED COMMUNICATIONS

**a.   No Waiver of Privilege from Inadvertent Production.** Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

**b.   Post-Complaint Communications by Trial Counsel.** Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## VI.   Rule 37(e)

Nothing in this Order is intended to abrogate the applicability of Fed. R. Civ. P. 37(e) to this action or the parties' obligations to preserve electronically stored information.

**IT IS THEREFORE ORDERED** that the parties' ~~Joint Motion for Entry of Protective Order is granted~~ Stipulated Order Establishing Protocol For Electronic Discovery [#26] is **GRANTED**.


DATED this 6th day of January, 2016.

s/ Nina Y. Wang  
United States Magistrate Judge

Approved and submitted by:

<table>
<tr><td>

S/ *J. Mark Baird*
J. Mark Baird
Beth Doherty Quinn
Baird Quinn LLC
2036 E. 17th Avenue
Denver, Colorado 80206
Telephone:     (303) 813-4500
Facsimile:      (303) 813-4501
E-mail: jmb@bairdquinn.com
           bdq@bairdquinn.com

</td><td>

S/ *Brian J. Zickefoose*
Gillian McKean Bidgood
1515 Wynkoop Street, Suite 600
Denver, CO 80202
          Telephone: (303) 572-9300
Facsimile: (303) 572-7883
E-mail: gbidgood@polsinelli.com

Brian J. Zickefoose
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
E-mail: bzickefoose@polsinelli.com

</td></tr>
</table>

**EXHIBIT A TO ORDER ESTABLISHING PROTOCOL FOR ELECTRONIC DISCOVERY**

*PIETKIEWICZ V. BLACK & VEATCH CORPORATION*

**Case No. 1:15-CV-02258-REB-NYW**

**TIME FRAME:**         June 1, 2012 – June 1, 2015

**CUSTODIANS:**      Mark Faltermeir
Jim Doull
Frederick Potter
Jane Newman-Ford
HR Business Partners consulted in connection with Plaintiff's employment (e.g., Danielle David, Karen Sitterle, Melony Wilson, Jennifer Trombla)
Anyone consulted on Plaintiff's performance/potential disciplinary action/termination decision (excluding outside counsel).

**SEARCH TERMS:**   Pietkiewicz* AND cancer
Pietkiewicz* AND esophageal
Pietkiewicz* AND perform*
Pietkiewicz* AND disab*
Pietkiewicz* AND benefit*
Pietkiewicz* AND accommod*
Pietkiewicz* AND FMLA
Pietkiewicz* AND leave*
Pietkiewicz* AND absence*
Pietkiewicz* AND discharge*
Pietkiewicz* AND terminat*
Pietkiewicz* AND assign*
Pietkiewicz* AND discriminat*
Pietkiewicz* AND retaliat*
Pietkiewicz* AND return w/10 work
Pietkiewicz* AND relocat*
Pietkiewicz* AND disciplin*
Pietkiewicz* AND evaluat*
Pietkiewicz* AND review*

Wayne* AND cancer
Wayne* AND esophageal
Wayne* AND perform*
Wayne* AND disab*
Wayne* AND benefit*
Wayne* AND accommod*
Wayne* AND FMLA
Wayne* AND leave*

        Wayne* AND absence*
        Wayne* AND discharge*
        Wayne* AND terminat*
        Wayne* AND assign*
        Wayne* AND discriminat*
        Wayne* AND retaliat*
        Wayne* AND return w/10 work
        Wayne* AND relocat*
        Wayne* AND disciplin*
        Wayne* AND evaluat*
        Wayne* AND review*

**SYSTEMS:**   Email
        Word (i.e., Word or Wordperfect)
        Excel
        HR systems

**FORMAT**    TEXT SEARCHABLE FORMAT